UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Dell Layfette Carter**, # 226198, *aka* Dell L. Carter and Dell Layfatte Carter, | ) | **C/A No. 3:06-0146-TLW-JRM** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| **NFN Stonebreaker**, Sergeant at Evans Correctional Institution; | ) | **Report and Recommendation** |
| **K. Lear**, Sergeant; | ) | |
| **Adam Banner**, Private; | ) | |
| **Sharon Patterson**, Disciplinary Hearing Officer; | ) | |
| **Aaron Joyner**, Major; | ) | |
| **NFN Davis**, Lieutenant; | ) | |
| **NFN Victor**, Lieutenant; | ) | |
| **Robin Chavis**, Associate Warden of Evans Correctional Institution; and | ) | |
| **Trakus Estes**, | ) | |
| Defendants. | ) | |

_____

# *Background of this Case*

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff is serving a forty-year sentence for convictions (entered on January 23, 1997, in the Court of General Sessions for York County) for armed robbery and assault

1

and battery with intent to kill.  All of the defendants in the above-captioned are employees or officials of the Evans Correctional Institution.

The plaintiff's allegations are appended to the court's § 1983 complaint form.  This civil rights action arises out of prison disciplinary proceedings, alleged harassment of the plaintiff by prison officials and employees, denial of access to mail, denial of access to the courts, and denial of medical care. The plaintiff's answers on page 2 of the complaint reveal that he has not filed a grievance about the matters raised in the above-captioned case because the "Grievance Lady [is] Biased against inmates."  In his prayer for relief, which appears on page 5 of the § 1983 complaint form, the plaintiff seeks actual and punitive damages of ten million dollars ($10,000,000.00).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct.

1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of

---

[1]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The plaintiff's answers on page 2 of the complaint reveal that he has not filed a grievance relating to the non-disciplinary matters in the above-captioned case. Hence, this case is subject to summary dismissal for failure to exhaust prison remedies. See 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

4

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996). Furthermore, summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will prevent the plaintiff from needlessly incurring a nondischargeable debt of $250 to the United States. *See* Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice. In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2. *See also* Smith v. Urban, 928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996).

Moreover, the plaintiff has available SCDC remedies with respect to the prison disciplinary proceedings. After he has appealed his disciplinary "conviction" up through the SCDC, he can then seek review by South Carolina's Administrative Law Court (formerly called the Administrative Law

5

Judge Division).  *See* <u>Al-Shabazz v. State</u>, 338 S.C. 354, 527 S.E.2d 742, 1999 S.C. LEXIS® 217,[2] 2000 WESTLAW® 156547 (2000)(prisoner's remedy for challenging determinations in prison disciplinary proceedings is under South Carolina's Administrative Procedures Act, not the post-conviction relief statute), *replacing opinion originally reported at* 1999 S.C. LEXIS® 160, 1999 WESTLAW® 642195 (Supreme Court of South Carolina, August 23, 1999); and <u>Sullivan v. SCDC</u>, 355 S.C. 437, 586 S.E.2d 124, 2004 S.C. LEXIS® 208 (2004).

This case is also subject to summary dismissal for another reason: the plaintiff is "struck out" under the "three strikes" rule of the Prison Litigation Reform Act.  It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court.    *See* 28 U.S.C. § 1915(g).  The cases in which "strikes" have been entered against the plaintiff are <u>Dell L. Carter v. Clover Police Department, *et al.*</u>, Civil Action No. 3:98-3761-19BC; <u>Dell L. Carter v. Clover Police Department, *et al.*</u>, Civil Action No. 3:99-1484-19BC; <u>Dell L. Carter v. Judge Costa Pleicones</u>, Civil Action No. 3:99-1800-19BC; <u>Dell L. Carter v. Jason Derham Cole, South Carolina Circuit Judge</u>, Civil Action No. 3:99-1813-19BC; <u>Dell L. Carter v. Willy Thompson</u>,

---

[2]The Lexis® Service has given the opinion on rehearing a calendar year 1999 citation, not a citation for calendar year 2000.

Civil Action No. 3:00-0423-19BC; Civil Action No. <u>Dell L. Carter v. Edward H. Harvey</u>, 3:00-0525-19BC; <u>Dell L. Carter v. Rema K. Gantt, Court Reporter</u>, Civil Action No. 3:00-1823-19BC; <u>Dell L. Carter v. Moss Justice Center</u>, Civil Action No. 3:02-1682-19BC; <u>Dell L. Carter v. State of South Carolina, *et al.*</u>, Civil Action No. 3:02-2014-25BC; <u>Dell L. Carter v. State of South Carolina, *et al.*</u>, Civil Action No. 3:03-0011-25BC; and <u>Dell L. Carter v. Walter William Thompson, Associate Solicitor for Sixteen Judicial Circuit, *et al.*</u>, Civil Action No. 3:04-0772-25BC.

In the above-captioned case, this District Court may take judicial notice of the eleven (11) cases in which "strikes" have been entered. <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); <u>Mann v. Peoples First National Bank & Trust Co.</u>, 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.");

and <u>United States v. Parker</u>, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319

(8th Cir. 1992).  Those prior cases reveal that the plaintiff has repeatedly filed

frivolous litigation in this court.  The Prison Litigation Reform Act bars further

civil rights actions because the plaintiff is not in any imminent danger of

serious physical injuries from the defendants in the above-captioned case.

*See* Section 804(g) of the Prison Litigation Reform Act, which has been

codified as 28 U.S.C. § 1915(g).  Under <u>Aloe Creme Laboratories, Inc. v.</u>

<u>Francine Co.</u>, <u>supra</u>, 425 F.2d at 1296, and the Prison Litigation Reform Act,

this court may take judicial notice of prior frivolous litigation filed by the

plaintiff, and dismiss the above-captioned case under the "three strikes" rule.

*See*  28 U.S.C. § 1915(g); and *cf. also* <u>Green v. Nottingham</u>, 90 F.3d 415,

417-420, 1996 U.S.App. LEXIS®16431 (10th Cir. 1996)(three strikes

provision of 28 U.S.C. § 1915(g) can be applied retroactively).[3]

The Congress has determined that prisoners subject to the "three

strikes" rule have no remedy for actions that do not place them under

imminent danger of serious physical injury.  *See* <u>Banos v. O'Guin</u>, 144 F.3d

883, 1998 U.S.App. LEXIS® 15053 (5th Cir.1998)(to avoid bar under

imminent danger exception to "three-strikes" provision, prisoner must be in

---

[3]All eleven (11) "strikes" were entered in cases filed by the plaintiff after the enactment
of the PLRA.

8

imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint). *See also* Witzke v. Hiller, 966 F. Supp. 538, 539, 1997 U.S.Dist. LEXIS® 7180 (E.D.Mich. 1997)(district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426, 1997 U.S.Dist. LEXIS® 12968 (E.D.Mich. 1997).

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See* Senate Select Committee on Presidential Campaign Activities v. Nixon, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case is not the first instance where new laws have retroactively affected plaintiffs. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled In Re TMI [Three-Mile Island Litigation], 89 F.3d 1106, 1996 U.S.App. LEXIS®

9

17609 (3rd Cir. 1996), *cert. denied*, Aldrich v. General Public Utilities Corp., 519 U.S. 1077, 136 L.Ed.2d 678, 117 S.Ct. 739, 1997 U.S. LEXIS® 321 (1997)(upholding amendments to Price-Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations).  *Cf.* Bay View, Inc. v. AHTNA, Inc., 105 F.3d 1281, 1283, 1997 U.S.App. LEXIS® 1367 (9th Cir. 1997)("Congress giveth and it taketh away."); NGS American, Inc. v. Barnes, 998 F.2d 296, 298, 1993 U.S.App. LEXIS® 20972 (5th Cir. 1993)("As Congress giveth, Congress taketh away."); and Mirabal v. GMAC, 537 F.2d 871 (7th Cir. 1976).[4]  The plaintiff, however, is clearly subject to the Prison Litigation Reform Act (PLRA) because the above-captioned case was filed more than nine and half years after the enactment of the PLRA on April 26, 1996.

---

[4]Unrelated portions of the  holding in Mirabal v. GMAC — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made to the Truth in Lending Act in 1980.  *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in Brown v. Marquette Savings and Loan Assn., 686 F.2d 608 (7th Cir. 1982), which overruled, in part, Mirabal v. GMAC.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.   *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 23, 2006
Columbia, South Carolina

11

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &

The **_Serious Consequences_** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**